UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
JOHN DOE, on behalf of his minor child, SARAH DOE

                   Plaintiffs,

  - v -

OCEANSIDE UNION FREE SCHOOL DISTRICT,
DR. PHYLLIS S. HARRINGTON; JULIE MCGAHAN,
DR. J. DEROSA, and ANTWAN HASKOOR, M.D.

                 Defendants.
-------------------------------------------------------------------x

**COMPLAINT**

Civil Action No.:

By and through their counsel, Davenport Law PLLC, the plaintiffs JOHN DOE, on behalf of his minor child, SARAH DOE (collectively, "Plaintiffs"), alleges as follows:

## <u>PRELIMINARY STATEMENT</u>

1.      This action seeks immediate judicial intervention to halt the unlawful and discriminatory exclusion of Sarah Doe, a vulnerable five-year-old child diagnosed with Autism Spectrum Disorder (ASD), from her kindergarten classroom by the Oceanside Union Free School District and its key officials: Superintendent Dr. Phyllis S. Harrington, Principal Julie McGahan, Assistant Superintendent Dr. J. DeRosa, and the District's medical consultant, Dr. Antwan Haskoor. For weeks, Defendants have barred Sarah Doe from receiving her legally mandated education and critical therapeutic services at School #6. Their actions stem from the arbitrary and unlawful denial of a valid medical exemption submitted by Sarah Doe's treating physician, Dr. Eric Goldstein. This denial constitutes improper and illegal "second-guessing" of a licensed physician's medical judgment, directly contravening the plain language of New York Public Health Law §

2164(8) and, alarmingly, repeating conduct for which this very District and Defendant Haskoor were previously enjoined by this Court in Doe v. Oceanside Union Free School District, 25-CV-2304 (GRB)(ST) (E.D.N.Y. Aug. 12, 2025). Defendants' continued defiance of established law and binding precedent demonstrates a willful disregard for Sarah Doe's rights, necessitating emergency relief.

2.    The District's bad-faith campaign against this young child began with a pretextual denial of Dr. Goldstein's initial, comprehensive exemption submission. Dr. Goldstein certified that multiple vaccines were medically contraindicated for Sarah due to her complex health profile, including ASD, a genetic MTHFR mutation impairing detoxification, a compromised immune system, and a documented history of severe adverse reactions to prior vaccinations, such as "muscular ticks/seizing". Defendant McGahan, however, summarily denied the exemption on September 15, 2025, citing the lack of a specific end date, a flimsy procedural objection contradicted by the official NYS DOH form itself, which clearly states an end date is only required "(if applicable)". Plaintiff John Doe, Sarah Doe's father, immediately cured even this alleged defect by submitting a second addendum from Dr. Goldstein clarifying the contraindications were "permanently detrimental" but subject to annual review.

3.    Rather than accept the perfected exemption, Defendants escalated their unlawful conduct. On September 22, 2025, Defendant McGahan demanded "additional information relating to each of the prior adverse reactions" – information already detailed in Dr. Goldstein's initial submission, revealing the request as a delaying tactic and further evidence of bad faith. Behind the scenes, the District improperly relied on the substantive medical opinion of Defendant Haskoor, who, without ever examining Sarah Doe, recommended denying the exemption based on his disagreement with Dr.

2

Goldstein's assessment and a restrictive interpretation of ACIP guidelines. Even after Plaintiff's counsel intervened on September 24, 2025, explicitly warning Defendants that their actions constituted illegal "second-guessing" and reminding them of the Doe v. Oceanside injunction prohibiting such conduct by this District, Defendants doubled down. On September 26, 2025, Defendant McGahan issued a final denial, now shifting the justification to Defendant Haskoor's substantive medical opinion (couched as non-compliance with ACIP standards) and punishing the family for their purported "refusal to cooperate" with the earlier unlawful demand for duplicative information.

4.    Defendants' persistent and unlawful exclusion inflicts immediate and irreparable harm upon Sarah Doe. She is being deprived not only of her fundamental right to an education but also of critical, mandated services under her Individualized Education Program (IEP), including essential speech, occupational, and physical therapies necessary for her development and required to provide her a Free Appropriate Public Education (FAPE). This disruption poses a significant risk of developmental regression and inflicts severe emotional distress on a young child with ASD during a crucial developmental period – precisely the type of harm this Court recognized as irreparable in the prior Doe v. Oceanside case. Having exhausted futile attempts to reason with the District and facing stonewalling in the state administrative appeal process, Plaintiff John Doe brings this action on behalf of his daughter. He seeks an immediate Temporary Restraining Order and Preliminary Injunction compelling Defendants to comply with the law and allow Sarah Doe to return to school, a declaration that her medical exemption is valid, and compensatory and punitive damages to hold the individual Defendants accountable for their willful and continued violation of Sarah Doe's clearly established rights.

3

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1343 (civil rights jurisdiction), as this action alleges violations of Plaintiffs' rights secured by federal statutes.

6.      Specifically, Plaintiffs' claims arise under Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131 et seq., which prohibits discrimination on the basis of disability by public entities, and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794, which prohibits discrimination on the basis of disability in programs and activities receiving federal financial assistance. Plaintiffs also bring claims under 42 U.S.C. § 1983 for deprivation of rights secured by the Constitution and laws of the United States.

7.      This Court has supplemental jurisdiction over Plaintiffs' related state law claims pursuant to 28 U.S.C. § 1367. Plaintiffs' claims for relief under Article 78 of the New York Civil Practice Law and Rules, challenging violations of New York Public Health Law § 2164(8), are so related to the federal claims that they form part of the same case or controversy, arising from the same common nucleus of operative facts—namely, Defendants' wrongful denial of Sarah Doe's medical exemption and her subsequent exclusion from school.

8.      Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2). All Defendants reside and operate within this judicial district, as the Defendant Oceanside Union Free School District is located in Oceanside, Nassau County, New York, and the individual Defendants are employed there. Furthermore, a substantial part of the events, omissions, and harms giving rise to

Plaintiffs' claims, including the denial of the medical exemption and Sarah Doe's exclusion from school, occurred within this judicial district.

## PARTIES

9.    Plaintiff JOHN DOE is a citizen of the United States and a resident of Oceanside, Nassau County, New York. He is the father and legal guardian of the minor child, Sarah Doe. He brings this action on his own behalf and on behalf of his minor child, using pseudonyms to protect the child's privacy regarding her personal medical information and educational records, and to shield the family from potential harassment resulting from Defendants' actions. A motion to proceed by pseudonym will be filed contemporaneously with or shortly after this Complaint.

10.    Plaintiff SARAH DOE is a minor child, born on September 2, 2020, who resides with her father, John Doe, in Oceanside, Nassau County, New York. She is an enrolled kindergarten student at School #6 Early Learning Center ("School #6") within the Defendant Oceanside Union Free School District. Sarah Doe is a child with a disability, having been diagnosed with Autism Spectrum Disorder (ASD), and has an Individualized Education Program (IEP) mandating specialized educational services. She is proceeding under a pseudonym for the reasons stated above.

11.    Defendant OCEANSIDE UNION FREE SCHOOL DISTRICT ("the District") is a public school district organized and existing under the laws of the State of New York, with its principal offices located at 145 Merle Avenue, Oceanside, New York 11572. The District operates School #6 where Sarah Doe is enrolled. The District is a "public entity" within the meaning of Title II of the ADA, 42 U.S.C. § 12131(1), and, upon

information and belief, is a recipient of federal financial assistance and therefore subject to Section 504 of the Rehabilitation Act, 29 U.S.C. § 794.

12.    Defendant DR. PHYLLIS S. HARRINGTON is, upon information and belief, the Superintendent of Schools for the District, with her office located at 145 Merle Avenue, Oceanside, New York 11572. As Superintendent, she is the chief executive officer responsible for the administration, supervision, and operation of the District, including ensuring its compliance with state and federal laws regarding student enrollment, disability accommodations, and medical exemptions. She is sued in her individual and official capacities.

13.    Defendant JULIE MCGAHAN is, upon information and belief, the Principal of School #6, located at 25 Castleton Court, Oceanside, New York 11572. As Principal, she is the school official who directly received Plaintiff's medical exemption submissions, issued the initial and final denial letters, requested additional information, and communicated the District's decisions to Plaintiff. She is sued in her individual and official capacities.

14.    Defendant DR. J. DEROSA is, upon information and belief, the Assistant Superintendent of Schools for the District (specifically, Assistant Superintendent for Human Resources, Student Services and Community Activities), with her office located at 145 Merle Avenue, Oceanside, New York 11572. She was designated by Defendant McGahan as the point person for all future correspondence regarding Sarah Doe's exemption, indicating her role in the review and decision-making process. Upon information and belief based on prior interactions described by Plaintiff, she plays a significant role in enforcing District policy regarding student records and compliance matters. She is sued in her individual and official capacities.

15.    Defendant ANTWAN HASKOOR, M.D., FAAP, is, upon information and belief, a physician who served as a medical consultant and/or designated District Physician for the Defendant District concerning the review of student medical exemptions during the relevant period. Upon information and belief based on the District's own submissions in related litigation and this matter, Defendant Haskoor personally reviewed the medical exemption submitted by Dr. Goldstein for Sarah Doe, communicated with Dr. Goldstein, and ultimately recommended denial based on his substantive medical disagreement with Dr. Goldstein's clinical judgment and his interpretation of ACIP guidelines. His recommendation formed a basis for the District's final denial. Defendant Haskoor was previously named as a defendant for similar conduct in Doe v. Oceanside, 25-CV-2304 (GRB)(ST). He is sued in his individual and official capacities.

## FACTUAL ALLEGATIONS

16.    The following facts detail the Defendants' unlawful actions, which began with the arbitrary denial of a valid medical exemption submitted by a licensed physician for Sarah Doe, a five-year-old kindergartener with diagnosed Autism Spectrum Disorder (ASD). Defendants engaged in a pattern of bad-faith conduct, including issuing denials based on shifting and pretextual justifications, demanding duplicative information, and unlawfully substituting the medical judgment of their non-treating consultant, Defendant Dr. Antwan Haskoor, for that of Sarah Doe's treating physician. This conduct mirrors actions for which the Defendant District and Defendant Haskoor were previously enjoined by this Court. Despite being fully aware of controlling state law and federal precedent, Defendants persisted in their unlawful course, ultimately excluding Sarah Doe from school, thereby depriving her of her fundamental right to

education and the critical services mandated by her Individualized Education Program (IEP). The state administrative appeal process has proven futile for obtaining the immediate relief necessary to prevent ongoing irreparable harm, compelling Plaintiff John Doe to seek emergency intervention from this Court.

### A.   Sarah Doe's Background, Disability, and Critical Educational Needs

17.    Plaintiff SARAH DOE is a five-year-old child (DOB September 2, 2020) residing with her father, Plaintiff JOHN DOE, within the Defendant Oceanside Union Free School District ("the District"). She is enrolled as a kindergarten student for the 2025-2026 school year at the District's School #6 Early Learning Center ("School #6").

18.    Sarah Doe is a child with a disability, having been officially diagnosed with Autism Spectrum Disorder (ASD). Her disability classification is formally documented as "Autism" by the District's Committee on Special Education.

19.    As a student with a disability, Sarah Doe has an Individualized Education Program (IEP) mandated by the Individuals with Disabilities Education Act (IDEA) and developed by the District for the 2025-2026 school year.

20.    Sarah Doe's IEP requires intensive support and specialized services to ensure she receives a Free Appropriate Public Education (FAPE). These legally mandated services include, but are not limited to:

- Placement in a restrictive Special Class environment with an 8:1+2 student-to-staff ratio, 5 hours daily;

- Individual Physical Therapy, twice per week for 30 minutes each session;

8

- Individual Occupational Therapy, once per 6-day cycle for 30 minutes;

- Small Group Occupational Therapy, once per 6-day cycle for 30 minutes;

- Parent Counseling and Training, 8 times per year;

- Language Essentials support in the classroom for 1 hour and 30 minutes daily;

- Access to an Augmentative Communication Device (iPad with Proloquo2Go) daily at home and school;

- Special Transportation including adult supervision on a small bus/van.

21.    The IEP documents Sarah Doe's significant needs in functional communication, joint attention, social engagement, and motor skills. Consistent, uninterrupted access to these services and her structured educational program is therefore essential for Sarah Doe's development, learning, and ability to make meaningful progress, as explicitly recognized by the District's own CSE.

### B.    <u>Documented Medical Contraindications to Vaccination Certified by Treating Physician</u>

22.    Beyond her ASD diagnosis, Sarah Doe presents with a complex medical profile. Her treating physician, Eric Goldstein, M.D., of Kid Care Pediatrics in Rockville Centre, NY – a physician duly licensed to practice medicine in New York State (License # 231314) – determined, in his professional clinical judgment, that immunization with several specific vaccines required for school attendance "may be detrimental to [Sarah Doe's] health".

23.    Dr. Goldstein meticulously documented the specific contraindications and precautions for each vaccine on the official NYS DOH Medical

Exemption form (DOH-5077) and a detailed two-page signed addendum dated September 8, 2025. These included:

- **DTAP:** MTHFR gene mutation impairing detoxification; ASD as a progressive neurological disorder increasing risk per ACIP; *prior severe adverse reaction described as "muscular ticks/seizing"*.

- **Varicella:** Reduced immune system and recurring infections due to ASD increasing risk (citing ACIP recommendations for immunodeficiencies); *prior vaccination caused pneumonia*.

- **MMR:** Immune deficiency/suppression from ASD increasing risk; *prior vaccination caused "muscular twitches and seizure"*; family history of seizures (maternal grandmother).

- **Polio:** Chronic Eczema (citing ingredient 2-phenoxyethanol); family history of Asthma (father, aunts, others, citing ACIP recommendation); ASD increasing hypersensitivity risk to ingredient Formaldehyde and contraindication for stable neurological conditions; *prior severe reaction to the last dose*.

24.    Dr. Goldstein explicitly concluded for each vaccine that, based on these factors, receiving the vaccine "may be detrimental to Gianna k. Giordano's Health".

**C.    Submission of Facially Valid Exemption and Defendants' Immediate Pretextual Denial**

25.    On or about September 11, 2025, Plaintiff JOHN DOE submitted the complete, facially valid medical exemption package from Dr. Goldstein to Defendant JULIE MCGAHAN, Principal of School #6. The submission included the signed DOH-5077 form, the detailed two-page addendum, and a cover letter.

26. The cover letter, submitted by JOHN DOE, proactively informed Defendants McGahan and Harrington of the District's limited legal role, stating the process is "legal and administrative... not a medical one," citing N.Y. Pub. Health Law § 2164(8) and recent controlling federal court rulings, including *Miller v. McDonald*, *A.A.C. v. Starpoint Cent. Sch. Dist.*, and significantly, *Doe v. Oceanside Union Free School District* involving their own District. The letter respectfully requested the District consult its legal counsel regarding its obligations.

27. Despite receiving this facially valid certification supported by detailed medical reasoning and clear legal explanation, Defendant McGahan issued a denial letter via email and mail just one school day later, on September 15, 2025.

28. This September 15 denial letter asserted a purely procedural, and pretextual, basis for rejection: "The exemption request form that you submitted... does not contain a length of time that the stated medical contraindication to the multiple immunizations will last," citing 10 NYCRR 66-1.3(c). As noted previously, this directly contradicts the official state form DOH-5077 which includes the explicit instruction "(if applicable)" next to the end date field.

29. Demonstrating the punitive nature of the denial, Defendant McGahan's letter immediately ordered Sarah Doe excluded from school effective the very next day, September 16, 2025."

### D. **Plaintiff Promptly Cures Alleged Defect; Defendants Shift Justification and Escalate Unlawful Inquiry**

30. Although recognizing the pretextual nature of the denial, Plaintiff JOHN DOE acted immediately and in good faith to address the District's stated concern

regarding duration. On the evening of September 15, 2025, after business hours, he secured and submitted via email a second signed addendum from Dr. Goldstein.

31.     This "Addendum 2," explicitly referencing the District's request and the "(if applicable)" language on the state form, stated for each of the four vaccines (DTAP, Varicella, MMR, Polio): "Based on the Exemption and first addendum previously submitted, receiving [vaccine name] vaccine may be permanently detrimental to Gianna k. Giordano's Health, however Our office will be re-evaluating the risk annually" (emphasis added). This addendum directly addressed the alleged procedural defect while aligning with the regulatory requirement for annual review.

32.     Instead of accepting the now undeniably complete and facially valid submission, Defendants escalated their unlawful substantive review. On September 22, 2025, Defendant McGahan sent another letter acknowledging receipt of Addendum 2 but pivoting to a new demand.

33.     Defendant McGahan's September 22 letter stated: "The District is in the process of reviewing this new information, and requests pursuant to 10 NYCRR 66-1.3(c) that, on or before the close of business on Thursday, September 25, 2025, you provide additional information relating to each of the prior adverse reactions experienced by Gianna that are identified in your two addenda" (emphasis added).

34.     This demand was made in bad faith. The "information relating to each of the prior adverse reactions" – namely, "muscular ticks/seizing" post-DTaP, pneumonia post-vaccination, "muscular twitches and seizure" post-MMR, and a "severe reaction to the last dose" of Polio – was already specified in Dr. Goldstein's initial signed addendum provided on September 11. The District was demanding information it

demonstrably possessed, using 10 NYCRR 66-1.3(c) not for legitimate clarification but as a pretext for further delay and scrutiny.

**E.**     **Defendants Improperly Rely on Defendant Haskoor's Substantive Medical Review and Disregard Treating Physician**

35.     The District's shifting justifications and demands were predicated on an unlawful substantive medical review conducted by its consultant, Defendant ANTWAN HASKOOR, M.D., in direct violation of N.Y. Pub. Health Law § 2164(8) and controlling precedent.

36.     The District admitted in sworn papers submitted during the §310 Appeal (Appeal No. 22524) that it consulted Defendant Haskoor regarding Dr. Goldstein's submission around September 11, 2025

37.     Defendant Haskoor, who has never met nor examined Sarah Doe, recommended denying the exemption because, in his non-treating opinion, "the contraindications alleged... were not contained within an ACIP or other nationally recognized standard". He maintained this recommendation even after the second addendum was submitted.

38.     The District further admitted that Defendant Haskoor engaged in a "conversation with Dr. Goldstein" regarding the exemption, but Haskoor concluded that "nothing... changed his opinion that the contraindications described... were not valid". This extra-statutory communication initiated by the District's consultant represents an improper intrusion into the physician-patient relationship and further evidence of unlawful second-guessing.

39. Defendants Harrington, McGahan, and DeRosa improperly delegated their authority and relied upon Defendant Haskoor's substantive medical disagreement with Dr. Goldstein, thereby substituting the judgment of a non-treating consultant for that of the child's licensed treating physician, contrary to law.

40. The District also sought guidance from the NYS DOH, receiving a letter dated September 25, 2025 (after the District's Sept 22 demand to Plaintiff), which opined only that the MTHFR gene mutation is not a contraindication, while acknowledging that the "principal or person in charge of a school is responsible for making the final determination". Defendants selectively relied on this limited agency opinion while ignoring Dr. Goldstein's other documented reasons and the ultimate legal responsibility resting with the District, not the DOH or Defendant Haskoor.

### F. <u>Attorney Intervention Highlighting Prior Court Order; Defendants Issue Final Denial Based on Shifting Justifications</u>

41. Facing escalating unlawful demands, Plaintiff JOHN DOE retained legal counsel. On September 24, 2025, Plaintiff's counsel, Chad A. Davenport, Esq., sent a formal demand letter via email to Defendants Harrington and McGahan.

42. This letter explicitly put Defendants on notice that their actions constituted unlawful "second-guessing" forbidden by N.Y. Pub. Health Law § 2164(8) and binding federal precedent. Critically, the letter cited *Miller v. McDonald*, *A.A.C. v. Starpoint Cent. Sch. Dist.*, and unequivocally reminded Defendants Harrington and McGahan that "your own district was previously ordered by a federal court to accept a medical exemption in *Doe v. Oceanside Union Free School District*, where an improper denial was found to be a form of disability discrimination under the ADA".

43.    Counsel's letter further pointed out that the District's September 22 demand for information on prior adverse reactions was "transparently pretextual, as this specific information was already detailed in the physician's addendum submitted on September 11, 2025". The letter demanded the District cease its unlawful inquiries and immediately confirm acceptance of the exemption by the close of business that day.

44.    Wholly disregarding the legal authorities, the direct warning about their prior enjoined conduct, and the factual clarifications provided, the District, through Defendant McGahan, issued a final denial letter on September 26, 2025.

45.    This final denial abandoned the initial pretext regarding duration and the subsequent pretext regarding needing more information on adverse reactions. It instead solidified the denial based on two equally unlawful grounds:

- First, recycling Defendant Haskoor's substantive medical opinion: "[The submission] does not contain sufficient information to identify an appropriately valid medical contraindication within ACIP standards and/or that of another nationally-recognized, evidence-based standard of care". This directly contravenes N.Y. Pub. Health Law § 2164(8) and the Miller standard prohibiting evaluation of the physician's reasons.

- Second, punishing Plaintiff for resisting their unlawful inquiry: "In addition, the District requested that you provide further information relating to potential adverse reactions, and you refused to cooperate". Plaintiff rightfully refused to participate in an unlawful demand for information already provided.

46.    The September 26 letter ordered Sarah Doe excluded from school effective September 29, 2025.

47.     As a direct result of this arbitrary, capricious, and legally erroneous final denial, Sarah Doe has been unlawfully excluded from attending School #6 since September 29, 2025.

### G.     State Administrative Remedies Are Futile and Inadequate

48.     Plaintiff JOHN DOE, through counsel, timely pursued the administrative remedy suggested in Defendants' denial letters by filing a Verified Petition appealing the September 26 determination to the New York State Commissioner of Education pursuant to Education Law § 310.

49.     The appeal was filed with the Commissioner's Office of Counsel on October 7, 2025, assigned Appeal No. 22524, and included an urgent request for an interim stay order to permit Sarah Doe to return to school immediately pending the appeal, detailing the irreparable harm she faced.

50.     Despite the strength of the legal arguments demonstrating Defendants' clear violation of law and precedent, and the evident, ongoing irreparable harm to Sarah Doe, the Commissioner's Office of Counsel summarily denied the request for a stay order without providing any legal analysis or factual reasoning.

51.     This denial of interim relief renders the § 310 appeal process futile for addressing the immediate and ongoing violation of Sarah Doe's right to attend school and receive FAPE.

52.     The inadequacy of the administrative process is further compounded by significant delays. The District requested and received lengthy extensions of time from the Commissioner's Office, pushing the deadline for its Answer to November 10, 2025, and its Memorandum of Law to December 10, 2025. Given these delays and the typical

timeline for Commissioner's decisions (often many months), the § 310 appeal cannot provide the timely remedy Sarah Doe requires.

53.    Plaintiff JOHN DOE has therefore exhausted administrative remedies to the extent they offered any meaningful or timely relief, and further pursuit of the § 310 appeal would be futile in preventing the ongoing irreparable harm to Sarah Doe.

### H.    Defendants' Actions Constitute Willful Disregard of Known Law and Prior Court Order

54.    Defendants Oceanside Union Free School District and Antwan Haskoor, M.D., were defendants in Doe v. Oceanside Union Free School District, 25-CV-2304 (GRB)(ST). Defendants Harrington, McGahan, and DeRosa, as high-level administrators of the District, were aware or should have been aware of this litigation and its outcome.

55.    On August 12, 2025, just weeks before denying Sarah Doe's exemption, this Court (Hon. Gary R. Brown) conducted a hearing in *Doe v. Oceanside* and granted a preliminary injunction against the District and its officials.

56.    During that hearing, Judge Brown explicitly discussed N.Y. Pub. Health Law § 2164(8) and the controlling Second Circuit precedent in Miller v. McDonald.

57.    Judge Brown found that the medical exemption submitted in Doe, certified by a licensed physician (Dr. Garbitelli) citing prior adverse reactions and contraindications, was facially valid under the statute.

58.    Judge Brown directly addressed and rejected the District's (and Defendant Haskoor's) attempts in that case to override the treating physician's judgment by demanding additional medical records or requiring input from specific specialists (like

a hematologist) as impermissible under the law and *Miller*. The Court stated, "[E]ven though school officials have the authority to conclude that the documents... contain sufficient or insufficient information, they do not have discretion to approve or deny the exemptions on a case-by-case basis for any reason".

59.     The Court granted the preliminary injunction in *Doe v. Oceanside*, ordering the District to accept the exemption, finding the plaintiff demonstrated a likelihood of success on the merits precisely because the District engaged in unlawful second-guessing instead of accepting the facially valid physician certification.

60.     Defendants herein were thus acutely aware, via a direct federal court order involving their own District and medical consultant issued shortly before their actions against Sarah Doe, that: (1) their role is non-discretionary upon receipt of a facially valid physician certification; (2) they cannot legally deny an exemption based on their or their consultant's disagreement with the treating physician's medical reasoning or interpretation of ACIP guidelines; and (3) demanding extraneous medical records or specialist letters beyond the treating physician's certification is unlawful.

61.     Despite this clear and recent judicial instruction, Defendants Harrington, McGahan, DeRosa, and Haskoor, acting on behalf of the District, repeated the exact same unlawful conduct against Sarah Doe, demonstrating deliberate indifference and willful disregard for clearly established law and a binding court order.

## I.     <u>Immediate and Irreparable Harm to Sarah Doe</u>

62.     Defendants' unlawful denial and ongoing exclusion of Sarah Doe from School #6 causes immediate, severe, and irreparable harm each day she is barred from the classroom.

63.    Sarah Doe is being deprived of her fundamental right to a public education, guaranteed by the New York State Constitution, during the critical foundational year of kindergarten.

64.    As a child with ASD and an IEP mandating intensive services, Sarah Doe is being denied FAPE under the IDEA. Specifically, she is being denied daily access to her Special Class (8:1+2) placement, twice-weekly individual Physical Therapy, cyclical individual and group Occupational Therapy, daily Language Essentials support, and consistent use of her augmentative communication device in the school setting, among other supports.

65.    This denial of essential, legally mandated services and exclusion from her structured learning environment poses an imminent and substantial risk of developmental regression, loss of acquired skills (particularly in communication and social interaction), and exacerbation of challenges associated with her ASD. This Court recognized such developmental harm to a child with disabilities as irreparable in *Doe v. Oceanside*.

66.    Beyond the educational and developmental harm, Sarah Doe's exclusion is causing significant emotional distress. Being barred from her school, her teacher, and her peers during the crucial social development phase of kindergarten results in confusion, isolation, and stigma.

67.    This harm accrues daily and cannot be adequately compensated by future monetary damages or services. Only immediate injunctive relief allowing Sarah Doe to return to school can prevent further irreparable injury.

## FIRST CAUSE OF ACTION

### Discrimination in Violation of Title II of the Americans with Disabilities Act (Against All Defendants)

68.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 67 as if fully set forth herein.

69.    Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12132, provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."

70.    Defendant OCEANSIDE UNION FREE SCHOOL DISTRICT is a "public entity" as defined by Title II of the ADA, 42 U.S.C. § 12131(1). Defendants HARRINGTON, MCGAHAN, DEROSA, and HASKOOR are agents of the District acting under color of state law.

71.    Plaintiff SARAH DOE is a "qualified individual with a disability" under the ADA. She has diagnosed Autism Spectrum Disorder (ASD), a recognized disability. Furthermore, her treating physician has certified conditions (including ASD, MTHFR mutation, compromised immune system, history of severe adverse reactions including seizures/ticks) which substantially limit one or more major life activities, including but not limited to neurological function, immune system function, and other major bodily functions, necessitating exemption from certain vaccines.

72.    SARAH DOE is otherwise qualified, by virtue of her residence within the District and meeting age requirements, to attend and participate in the educational programs and activities offered at School #6.

20

73.     The District, as a public entity, and its agents are required under the ADA and its implementing regulations (28 C.F.R. § 35.130(b)(7)) to make "reasonable modifications" to policies, practices, or procedures when such modifications are necessary to avoid discrimination on the basis of disability, unless the entity can demonstrate that making the modifications would fundamentally alter the nature of the service, program, or activity.

74.     Accepting SARAH DOE's valid, physician-certified medical exemption pursuant to N.Y. Pub. Health Law § 2164(8) constitutes a reasonable modification of the District's general immunization policy. This modification is necessary to allow SARAH DOE, a child whose disability-related conditions make vaccination detrimental according to her treating physician, to access the District's educational programs and services.

75.     Defendants have discriminated against SARAH DOE on the basis of her disability by failing and refusing to grant this necessary and reasonable modification.

76.     Defendants' refusal was not based on any individualized assessment demonstrating that accepting the exemption would fundamentally alter the educational program or pose a direct threat that could not be mitigated. Instead, the denial was predicated on the unlawful, arbitrary, and capricious actions of Defendants MCGAHAN, DEROSA, HARRINGTON, and specifically the substantive medical "second-guessing" and recommendation provided by Defendant HASKOOR, who improperly substituted his non-treating judgment for that of Dr. Goldstein and applied an unduly restrictive interpretation of medical guidelines, contrary to state law and established federal precedent.

77.    This exact practice of denying exemptions based on Defendant Haskoor's substantive disagreement with treating physicians was previously found likely unlawful by this Court in Doe v. Oceanside, 25-CV-2304 (GRB)(ST).

78.    As a direct and proximate result of Defendants' discriminatory refusal to provide a reasonable modification, SARAH DOE has been, by reason of her disability, excluded from participation in and denied the benefits of the services, programs, and activities of the Defendant District, in violation of Title II of the ADA.

## SECOND CAUSE OF ACTION

### Discrimination in Violation of Section 504 of the Rehabilitation Act
### (Against All Defendants)

79.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 78 as if fully set forth herein.

80.    Section 504 of the Rehabilitation Act of 1973 ("Section 504"), 29 U.S.C. § 794, provides that "No otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."

81.    Upon information and belief, Defendant OCEANSIDE UNION FREE SCHOOL DISTRICT is a recipient of federal financial assistance and constitutes a "program or activity" subject to Section 504. Defendants HARRINGTON, MCGAHAN, DEROSA, and HASKOOR are agents of the District acting under color of state law within this program.

82.     Plaintiff SARAH DOE is an "individual with a disability" as defined by the Rehabilitation Act, possessing physical or mental impairments (including ASD and conditions certified by her physician) that substantially limit one or more major life activities. She is "otherwise qualified" to participate in and receive the benefits of the District's educational program.

83.     Defendants have, solely by reason of SARAH DOE's disability (which necessitates the medical exemption), excluded her from participation in, denied her the benefits of, and subjected her to discrimination under the District's educational program and activities.

84.     This discrimination includes Defendants' failure and refusal to provide a reasonable accommodation for her disability. The requested accommodation – accepting the valid, physician-certified medical exemption submitted pursuant to state law – is reasonable and necessary to afford SARAH DOE an equal opportunity to participate in the District's program, comparable to her non-disabled peers.

85.     Defendants' denial of this accommodation was not based on undue hardship or fundamental alteration but resulted from the unlawful substantive review process and disregard for the treating physician's certification, orchestrated and participated in by the individual Defendants.

86.     As a direct and proximate result of Defendants' unlawful denial of this reasonable accommodation and SARAH DOE's subsequent exclusion from school, she has been and continues to be subjected to discrimination in violation of Section 504 of the Rehabilitation Act.

### THIRD CAUSE OF ACTION

### Violation of New York Public Health Law § 2164(8)
### Article 78 Proceeding in the Nature of Mandamus to Compel
### (Against All Defendants - Supplemental Jurisdiction)

87.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 86 as if fully set forth herein.

88.    This cause of action seeks judicial review of Defendants' administrative action pursuant to Article 78 of the New York Civil Practice Law and Rules ("CPLR"), over which this Court has supplemental jurisdiction under 28 U.S.C. § 1367, as it arises from the same common nucleus of operative facts as Plaintiff's federal claims.

89.    New York Public Health Law ("PHL") § 2164(8) states, in mandatory terms, that school immunization requirements "shall be inapplicable" if "any physician licensed to practice medicine in this state certifies that such immunization may be detrimental to a child's health" (emphasis added).

90.    This statute imposes a clear, non-discretionary, ministerial duty on school officials (including Defendants HARRINGTON, MCGAHAN, and DEROSA) to accept a facially valid certification from a licensed New York physician. The law does not grant these officials, or their consultants like Defendant HASKOOR, the authority to conduct a substantive medical review, evaluate the physician's reasoning, demand extraneous documentation beyond clarifying facial validity, or substitute their own medical judgment (or that of a non-treating consultant) for the clinical determination of the child's treating physician. *See Miller v. McDonald*, 130 F.4th 258, 269 (2d Cir. 2025); *A.A.C. v. Starpoint Cent. Sch. Dist.*, No. 1:24-CV-01047, 2025 WL 1201971 (W.D.N.Y. Apr. 25, 2025); *Doe v. Oceanside*, 25-CV-2304 (GRB)(ST) (E.D.N.Y. Aug. 12, 2025) (Transcript pp. 55-58).

91.    The medical exemption package submitted by Dr. Goldstein on behalf of SARAH DOE, particularly as supplemented by Addendum 2, was facially valid and complete under PHL § 2164(8) and 10 NYCRR § 66-1.3(c). It was signed by a licensed New York physician, identified the child, specified the vaccines, certified potential detriment, detailed the medical reasoning (including contraindications and precautions such as prior severe reactions), and specified the duration ("permanently detrimental," subject to annual review).

92.    Defendants' denial of SARAH DOE's valid medical exemption, culminating in the September 26, 2025 letter from Defendant MCGAHAN, was arbitrary, capricious, affected by clear errors of law, an abuse of discretion, and undertaken in bad faith.

93.    The denial was arbitrary and capricious because it was based on shifting, pretextual justifications (first duration, then demanding duplicative information, then ACIP standards/non-cooperation) demonstrating a predetermined outcome rather than a legitimate administrative review.

94.    The denial was affected by clear errors of law because it involved Defendants exceeding their statutory authority by engaging in a substantive medical review, relying on the opinion of a non-treating consultant (Defendant Haskoor) over the treating physician, improperly applying ACIP guidelines as a rigid requirement rather than one potential standard of care, and misinterpreting their authority under 10 NYCRR § 66-1.3(c) to demand information already provided.

95.    The denial constituted an abuse of discretion by ignoring the facially valid certification and the detailed medical rationale provided by Dr. Goldstein, including specific prior adverse reactions.

25

96.    Defendants HARRINGTON, MCGAHAN, DEROSA, and HASKOOR failed to perform a duty enjoined upon them by law – namely, the ministerial duty to accept the facially valid medical exemption certified by Dr. Goldstein.

97.    Plaintiff JOHN DOE, on behalf of SARAH DOE, is therefore entitled to an order in the nature of mandamus to compel, directing Defendants to perform the duty required by PHL § 2164(8): to immediately accept SARAH DOE's medical exemption and permit her to attend school forthwith.

### FOURTH CAUSE OF ACTION

### 42 U.S.C. § 1983 - Violation of Substantive Due Process
#### (Fourteenth Amendment)
#### (Against Individual Defendants HARRINGTON, MCGAHAN, DEROSA, HASKOOR)

98.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 97 as if fully set forth herein.

99.    The Due Process Clause of the Fourteenth Amendment to the United States Constitution protects individuals against arbitrary governmental action that infringes upon fundamental rights or "shocks the conscience."

100.    Plaintiff JOHN DOE possesses a fundamental constitutional right, protected by substantive due process, to direct the upbringing, education, and medical care of his child, SARAH DOE. This includes the right to make informed medical decisions in consultation with treating physicians, free from arbitrary and unjustified state interference. SARAH DOE possesses a fundamental right to bodily integrity, including the right to refuse potentially harmful medical interventions.

26

101. The individual Defendants HARRINGTON, MCGAHAN, DEROSA, and HASKOOR, acting under color of state law, engaged in conduct that arbitrarily and unjustifiably infringed upon these fundamental rights.

102. Their actions in denying the valid medical exemption, despite the comprehensive certification from a licensed treating physician detailing specific risks including prior severe adverse reactions, and subsequently excluding SARAH DOE from her essential education and therapies, lacked any rational basis and constituted egregious official conduct.

103. Specifically, Defendant Haskoor's actions in substituting his non-treating medical judgment for that of Dr. Goldstein, recommending denial based on a rigid and improper interpretation of guidelines, and influencing the District's decision-making process, were arbitrary and conscience-shocking, particularly given his awareness of the prior injunction in *Doe v. Oceanside*.

104. Defendants Harrington, McGahan, and DeRosa's actions in orchestrating, implementing, and ratifying the denial based on unlawful grounds (including pretextual procedural objections, demands for duplicative information, reliance on Haskoor's improper review, and shifting justifications), despite being put on notice of the controlling law and the prior *Doe v. Oceanside* injunction, were similarly arbitrary, undertaken in bad faith, and demonstrate a deliberate indifference to SARAH DOE's rights and well-being, sufficient to shock the conscience.

105. Conditioning SARAH DOE's access to her legally mandated public education and essential FAPE services on her undergoing vaccinations that her treating physician has certified "may be detrimental" due to her specific medical history and prior

27

severe reactions, constitutes coercive and arbitrary government action that shocks the conscience.

106.   As a direct and proximate result of the individual Defendants' conscience-shocking and arbitrary conduct in violation of substantive due process, SARAH DOE has been deprived of her right to education and FAPE, and Plaintiff JOHN DOE has been deprived of his right to direct his child's medical care and education, causing significant harm and damages.

**FIFTH CAUSE OF ACTION**

**42 U.S.C. § 1983 - Municipal Liability (Monell) (Against Defendant OCEANSIDE UNION FREE SCHOOL DISTRICT)**

107.   Plaintiff re-alleges and incorporates by reference paragraphs 1 through 106 as if fully set forth herein.

108.   Defendant OCEANSIDE UNION FREE SCHOOL DISTRICT, as a municipal entity, may be held liable under 42 U.S.C. § 1983 when its official policy, custom, or practice causes a violation of federal constitutional or statutory rights. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

109.   The actions described herein, resulting in the violation of SARAH DOE's rights under the ADA, Section 504, and the Fourteenth Amendment (Substantive Due Process), were caused by the official policy, custom, and practice of the Defendant District.

110.   Upon information and belief, Defendants HARRINGTON (Superintendent), DEROSA (Assistant Superintendent), and MCGAHAN (Principal) possess final policymaking authority for the District regarding student admissions,

compliance with immunization laws, and the review and determination of medical exemption requests. Their decisions and actions in denying SARAH DOE's exemption and ordering her exclusion represent official District policy.

111.    Alternatively, the District maintained a custom or practice of improperly delegating final decision-making authority regarding the medical validity of exemptions to its non-treating medical consultant, Defendant Haskoor, and/or routinely deferring to his substantive medical recommendations over the certifications of students' treating physicians, in contravention of N.Y. Pub. Health Law § 2164(8).

112.    This policy, custom, or practice of engaging in unlawful substantive review and "second-guessing" of treating physician certifications, as implemented by Defendants Harrington, McGahan, DeRosa, and Haskoor, was the moving force behind the denial of SARAH DOE's reasonable modification/accommodation under the ADA and Section 504, and the arbitrary deprivation of her rights under the Fourteenth Amendment.

113.    The District's awareness of and acquiescence in this unlawful policy, custom, or practice is evidenced by the fact that it engaged in nearly identical conduct that was previously enjoined by this Court in *Doe v. Oceanside*, 25-CV-2304 (GRB)(ST), demonstrating deliberate indifference to the high probability that its continued practices would violate federal rights.

114.    As a direct result of the Defendant District's official policy, custom, or practice, Plaintiff suffered the deprivations of federal rights and resulting damages described herein.

## SIXTH CAUSE OF ACTION

### 42 U.S.C. § 1983 - Violation of the Free Exercise Clause (First Amendment) (Against All Defendants)

115.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 114 as if fully set forth herein.

116.    The Free Exercise Clause of the First Amendment, applicable to the States through the Fourteenth Amendment, protects the right of individuals to practice their religion free from government interference. Government actions that substantially burden sincere religious exercise are subject to strict scrutiny unless they are neutral and generally applicable. *Church of Lukumi Babalu Aye, Inc. v. City of Hialeah*, 508 U.S. 520 (1993); *Employment Div., Dep't of Human Res. of Ore. v. Smith*, 494 U.S. 872 (1990).

117.    Plaintiff JOHN DOE holds sincere and genuine religious beliefs, rooted in his lifelong Catholic faith and reinforced by personal religious experiences, that forbid him from immunizing his children, including SARAH DOE. Having attended Catholic schools including Chaminade High School and a Catholic college, and continuing to attend weekly Mass and engage in daily bible study, JOHN DOE believes, based on scripture (such as the story of Peter and the Fishermen in Luke 5:1) and personal epiphanies (including experiencing divine protection in a near car accident), that God provides all that is needed for health and well-being through faith, worship, and conviction. This deeply held understanding "translates into [his] religious refusal of immunizations", viewing such artificial interventions as unnecessary and inconsistent with reliance on God's divine providence.

118.    Defendants' enforcement of New York's school vaccination mandate (N.Y. Pub. Health Law § 2164), by denying SARAH DOE's valid medical exemption and

conditioning her access to public education on receiving vaccinations that JOHN DOE sincerely believes are contrary to God's provision and potentially harmful, substantially burdens JOHN DOE's free exercise of religion. It forces him to choose between violating his religious convictions regarding reliance on God for health and protection, or forfeiting his daughter's right to education.

119.    The vaccination mandate, as implemented and enforced by Defendants, is not neutral and generally applicable. While New York law categorically prohibits religious exemptions, it permits individualized medical exemptions under N.Y. Pub. Health Law § 2164(8) and 10 NYCRR § 66-1.3.

120.    As demonstrated by Defendants' actions in this case—including their substantive review of Dr. Goldstein's medical reasoning, reliance on Defendant Haskoor's differing medical opinion, demands for additional information beyond facial validity, shifting justifications for denial, and disregard for the prior *Doe v. Oceanside* injunction— the medical exemption process involves a system of individualized assessments and discretionary decision-making by school officials. Defendants exercise discretion in determining whether a physician's certification is "sufficient," whether it meets their interpretation of ACIP or other standards, and whether to credit the treating physician's judgment.

121.    The existence of this "formal mechanism for granting individualized exemptions" for medical reasons renders the policy not generally applicable when it categorically denies any similar mechanism for religious objections. *Fulton v. City of Philadelphia*, 593 U.S. 522, 537 (2021). The system "invite[s] the government to consider the particular reasons" for medical exemptions while barring any consideration of religious reasons. *Id.* (quoting *Smith*, 494 U.S. at 884). The Second Circuit in *Miller v.*

*McDonald*, 130 F.4th 258, 270 (2d Cir. 2025), specifically contemplated that evidence showing school officials exercise discretion over medical exemptions could render the state's scheme not generally applicable and trigger strict scrutiny for a free exercise challenge. Plaintiff presents such evidence here.

122.    Because Defendants' enforcement of the vaccine mandate creates a system of individualized (medical) exemptions and is therefore not generally applicable, the substantial burden it imposes on Plaintiff JOHN DOE's religious exercise must survive strict scrutiny. Defendants must demonstrate that denying SARAH DOE attendance serves a compelling governmental interest and is narrowly tailored to achieve that interest.

123.    Defendants cannot meet this standard. Denying SARAH DOE's specific exemption, despite her physician's certification of detriment (including prior severe reactions), does not serve a compelling interest in preventing disease spread, particularly given the specific vaccines at issue (DTAP, Varicella, MMR, Polio), Sarah Doe's existing medical contraindications, and the low risk acknowledged even for actively infected individuals in school settings (*NYSARC v. Carey*, 612 F.2d 644 (2d Cir. 1979)). Furthermore, the categorical denial of any religious accommodation, while allowing discretionary medical review, is not narrowly tailored. Less restrictive means, such as honoring the valid medical exemption provided based on JOHN DOE's hybrid rights (parental decision-making informed by both medical advice and religious belief), are available.

124.    As a direct and proximate result of Defendants' violation of the Free Exercise Clause, Plaintiff JOHN DOE has suffered and continues to suffer irreparable harm, including the coercion to violate his sincere religious beliefs as a condition of his

daughter accessing public education, and SARAH DOE suffers the deprivation of her education.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff JOHN DOE, on behalf of his minor child SARAH DOE, respectfully requests that this Court enter judgment in their favor and against Defendants OCEANSIDE UNION FREE SCHOOL DISTRICT, DR. PHYLLIS S. HARRINGTON, JULIE MCGAHAN, DR. J. DEROSA, and ANTWAN HASKOOR, M.D., and grant the following relief:

A. Issue a Temporary Restraining Order and a Preliminary Injunction, pursuant to Fed. R. Civ. P. 65, directing Defendants, their officers, agents, employees, attorneys, and all persons acting in concert with them, to immediately cease and desist from excluding SARAH DOE from attending school at School #6 Early Learning Center, and to immediately permit her to attend school and participate fully in all educational programs, activities, and receive all mandated IEP services, pending a final determination of this action;

B. Issue a Declaratory Judgment, pursuant to 28 U.S.C. § 2201, declaring that: 1. The medical exemption certified by Dr. Eric Goldstein on behalf of SARAH DOE is valid and compliant under New York Public Health Law § 2164(8) and its implementing regulations; 2. Defendants' actions in denying said medical exemption and excluding SARAH DOE from school were arbitrary, capricious, affected by errors of law, undertaken in bad faith, and constitute an unlawful violation of New York Public Health Law § 2164(8); 3. Defendants' refusal to accept the valid medical exemption constitutes a failure to provide a necessary reasonable modification/accommodation, thereby discriminating against SARAH DOE based on her disability in violation of Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131 et seq.; 4. Defendants' refusal to accept the valid medical exemption constitutes a failure to provide a necessary reasonable accommodation, thereby discriminating against SARAH DOE based on her disability in violation of Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794; 5. The individual Defendants' actions in denying the exemption and excluding SARAH DOE constituted arbitrary and conscience-shocking conduct in violation of Plaintiff's rights under the Substantive Due Process Clause of the Fourteenth Amendment; 6. Defendants' enforcement of the vaccination mandate through a discretionary medical exemption system, while categorically denying any mechanism for religious accommodation, violates Plaintiff JOHN DOE's rights under the Free Exercise Clause of the First Amendment as applied in this case;

C. Issue a Permanent Injunction prohibiting Defendants, their officers, agents, employees, attorneys, and all persons acting in concert with them, from excluding SARAH DOE from attending the schools of the Oceanside Union Free School District based on the currently valid medical exemption certified by her treating physician, Dr. Eric Goldstein, or any subsequent valid renewals thereof;

D. Award Plaintiff Compensatory Damages against all Defendants, jointly and severally, in an amount to be determined at trial, sufficient to compensate Plaintiff and SARAH DOE for the injuries suffered as a direct and proximate result of Defendants' unlawful conduct, including but not limited to damages for the deprivation of education, denial of FAPE and mandated IEP services, developmental harm, emotional distress, pain and suffering, anxiety, stigma, and loss of constitutional rights;

E. Award Plaintiff Punitive Damages against the individual Defendants in their individual capacities, in an amount to be determined at trial, for their willful, malicious, callous, and/or reckless disregard for Plaintiff's and SARAH DOE's clearly established statutory and constitutional rights, particularly given their awareness of the prior injunction issued against the District and Defendant Haskoor in *Doe v. Oceanside*;

F. Award Plaintiff reasonable attorneys' fees, costs, and expenses incurred in prosecuting this action, pursuant to the Americans with Disabilities Act, the Rehabilitation Act, 42 U.S.C. § 1988, and any other applicable law; and

G. Granting such other and further relief as the Court deems just and proper.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, Plaintiffs demand trial by jury for all issues so triable.

Dated: November 6, 2025                         Respectfully submitted,

**Davenport Law PLLC**

*/s/ Chad A. Davenport*

Chad A. Davenport, Esq.
*Attorney for Plaintiffs*
Davenport Law PLLC
6384 Deanna Drive
Hamburg, NY 14075
(716) 217-0328
cdavenport@davenport.law

34